**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ILLINOIS TRANSPORT, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| IL TRANSPORTATION, INC. and | ) | |
| IL TRANSPORTATION SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**<u>COMPLAINT</u>**

Donald A. Tarkington (ARDC 6186481)
Brittney N. Cato (ARDC 6323715)
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL 60606
Tel: 312-419-6900
Fax: 312-419-6928
*dtarkington@novackmacey.com*
*bcato@novackmacey.com*

Plaintiff Illinois Transport, Inc. ("Plaintiff") through its undersigned attorneys, as and for its complaint against IL Transportation, Inc. ("IL Transportation") and IL Transportation Services, Inc. ("Services") (together, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for injunctive relief pursuant to Section 43(a) of The Lanham Act (15 U.S.C. § 1125(a)) and 28 U.S.C. § 2201, Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") (815 ILCS 510/1 *et seq*), state common law trademark infringement and state common law unfair competition, arising out of Defendants' use of deceptive tradenames and marks that are confusingly similar to Plaintiff's tradename and trademark and causing injury to Plaintiff's business and reputation.

## PARTIES

2. Plaintiff is an Illinois corporation with its principal place of business in Wilmington, Illinois.

3. Defendant IL Transportation is an Illinois corporation doing business in Illinois.

4. Defendant Services is an Illinois corporation doing business in Illinois.

5. On information and belief, IL Transportation and Services are related entities.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Count I pursuant to 28 U.S.C. §§ 1331 and 1338 (a), because Plaintiff's claim under The Lanham Act, 15 U.S.C. §§ 1501 *et seq.,* raises a federal question involving violation of a trademark and unfair competition.

7. This Court has jurisdiction over Counts II - IV pursuant to 28 U.S.C. § 1338 (b) because they assert claims of unfair competition and are joined with Plaintiff's claim under the Lanham Act, and pursuant to 28 U.S.C. § 1367(a), because the claims are so related to the federal

claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

8. This Court has personal jurisdiction over Defendant Services because it is a resident of Illinois and, on information and belief, conducts business in Illinois and caused Plaintiff's claims by its activities in Illinois.

9. This Court has personal jurisdiction over Defendant IL Transportation because it conducts business in Illinois, and because Plaintiff's claims and injuries arise out of IL Transportation's activities in Illinois.

10. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) as to Services because it is a resident of this judicial district. Venue is proper as to IL Transportation pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to Plaintiff's claims occurred in this judicial district.

## GENERAL ALLEGATIONS

### I. ILLINOIS TRANSPORT

11. Plaintiff, Illinois Transport, was founded in 1973, and since that time has provided services in the intermodal shipping industry to domestic and international shipping and trucking companies throughout the country.

12. Plaintiff has continuously conducted business under the name Illinois Transport, Inc., for 46 years.

13. From Plaintiff's inception, it has consistently incorporated the use of an image of the State of Illinois, set between the words "Illinois" and "Transport" in royal blue as its trademark.



14. Plaintiff's business depends on the continued trust and goodwill of the trucking and shipping companies it serves.

15. Plaintiff has invested substantial time, effort and money over the past 46 years earning the trust of its customers and building its name and reputation in the intermodal industry. Plaintiff is now the largest intermodal depot and maintenance and repair company in the Midwest. It operates the largest container repair facility in the country.

16. Plaintiff prominently displays its trademark and trade name on its buildings, and facilities, which are visited by approximately 2,000 trucks a day from multiple shipping and trucking companies.

17. Plaintiff also prominently displays its trade name and trademark on each of its approximately 200 mobile repair trucks that travel throughout the Midwest and on its website and in all of its sales and promotional material.

18. As a result of Plaintiff's years of promotional efforts and commitment to maintaining exceptionally high service standards, the industry and the public have come to recognize and associate Plaintiff's name and mark with the highest quality storage, repair and maintenance services in the intermodal shipping industry.

19. It is crucial to Plaintiff's business that it maintain its good name and reputation for superior work.

20. Plaintiff has carefully avoided competing with its trucking and shipping customers because it is important to its business that its customers know it is not in competition with them.

21. Part of Plaintiff's efforts to build its name and reputation has been to assure its customers that its interests are fully aligned with theirs and that it is not competing with them by running a trucking or shipping business.

## II. DEFENDANT'S UNLAWFUL ACTIVITIES

22. According to the Illinois Secretary of State website, Defendant IL Transportation was incorporated on July 9, 2009, and Services was incorporated on September 12, 2018.

23. Defendants are trucking companies engaged in the business of, among other things, transporting intermodal containers and freight throughout the Midwest. They are in direct competition with Plaintiff's customers.

24. Despite Plaintiff's longstanding reputation and goodwill in the Midwest and global intermodal industry, and despite Plaintiff's continuous use of the name Illinois Transport for the past 46 years, Defendant IL Transportation, without authorization, entered the intermodal industry using the deceptively similar name "IL Transportation Inc."

25. IL Transportation uses virtually the same tradename as Plaintiff. The only difference is that Defendant abbreviates "Illinois" and does not abbreviate "transportation."

26. Like Plaintiff, Defendant displays its name in royal blue print and places a picture of the State of Illinois between the words IL and Transportation.



27. Also like Plaintiff, the name IL Transportation appears on Defendant's trucks.

28. On information and belief, Services is affiliated with IL Transportation.

29. Like IL Transportation's name, Services' name is deceptively similar to Plaintiff's.

30. Defendants' imitation of Plaintiff's tradename and mark is intended and likely to cause consumer confusion, deception, and mistake by creating the false and misleading

4

impression that their services are offered by Plaintiff, or are associated or connected with Plaintiff's, or have the sponsorship, endorsement, or approval of Plaintiff.

31. Indeed, Defendants' imitation of Plaintiff's name has already caused confusion amongst Plaintiff's customers and the industry and has led them to believe that Defendants' services are offered and/or sponsored by Plaintiff and that Plaintiff has entered into competition with them.

32. Plaintiff has even received inquiries from various entities that have mistakenly contacted Plaintiff to verify the employment of former employees of Defendants.

33. Such confusion is harmful to consumers because Defendants' appropriation of Plaintiff's goodwill and reputation leads consumers to believe that they are receiving services from the same source that consistently supplies high quality products and services in the intermodal industry, when in fact the consumer has hired a completely different company.

34. Further, such confusion is harmful to Plaintiff because it damages Plaintiff's good name and relationships with its customers, leads those customers and prospective customers in the industry to believe that Plaintiff is directly competing with them and causes them to lose the trust and confidence in Plaintiff's name and its trademark that Plaintiff spent 46 years developing.

35. The confusion caused by Defendants' deceptive trade name and trademark is damaging Plaintiff's business and customer relationships and diluting Plaintiff's brand.

## COUNT I

### The Lanham Act

36. Plaintiff realleges and incorporates by reference as if set forth fully herein the allegations contained in paragraphs 1 through 35.

37. Defendants' use of a confusingly similar name and mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' services are offered by Plaintiff, or that Defendants' services are associated or connected with Plaintiff's, or have the sponsorship, endorsement, or approval of Plaintiff in violation of Section 43(a) of The Lanham Act (15 U.S.C. § 1125(a)).

38. Further, Defendants have made false representations, and false designations of origin, in connection with their services in violation of Section 43(a) of The Lanham Act (15 U.S.C. § 1125(a)) by using names and marks which imitate Plaintiff's and misleadingly represent that Defendants are in some way affiliated with or promoted by Plaintiff.

39. Defendants' past and continuing use of names confusingly similar to Plaintiff's has caused irreparable injuries to Plaintiff, and unless enjoined by this Court, will continue to cause a likelihood of confusion and mislead members of the trade and the public, causing injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

40. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's name, to Plaintiff's great and irreparable harm.

## COUNT II

### Common Law Trademark Infringement

41. Plaintiff realleges and incorporates by reference as if set forth fully herein the allegations contained in paragraphs 1 through 35.

42. The acts of Defendants complained of herein constitute common law trademark infringement under the laws of the State of Illinois.

43. Defendants' use of confusingly similar names and marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that

6

Defendants' services are offered by Plaintiff, or that Defendants' services are associated or connected with Plaintiff's, or have the sponsorship, endorsement, or approval of Plaintiff.

44. Further, Defendants have made false representations, and false designations of origin, in connection with their services by using names and marks which imitate Plaintiff's and misleadingly represent that Defendants are in some way affiliated with or promoted by Plaintiff.

45. Defendants' past and continuing conduct has caused irreparable injuries to Plaintiff, and unless enjoined by this Court, will continue to cause a likelihood of confusion and mislead members of the trade and the public, causing injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

46. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's name, to Plaintiff's great and irreparable harm.

## COUNT III

### Common Law Unfair Competition

47. Plaintiff realleges and incorporates by references as if set forth fully herein the allegations contained in paragraphs 1 through 35.

48. The acts of Defendants complained of herein constitute common law unfair competition under the laws of the State of Illinois.

49. Defendants' use of confusingly similar names and marks has caused and is likely to cause confusion, deception, and mistake by creating the false and misleadingly impression that Defendants' services are offered by Plaintiff, or that Defendants' services are associated or connected with Plaintiff's, or have the sponsorship, endorsement, or approval of Plaintiff.

7

50. Further, Defendants have made false representations, and false designations of origin, in connection with its services by using a name and mark which imitates Plaintiff's and misleadingly represents that Defendants are in some way affiliated with or promoted by Plaintiff.

51. Defendants' past and continuing use of names and marks confusingly similar to Plaintiff's has caused irreparable injuries to Plaintiff, and unless enjoined by this Court, will continue to cause a likelihood of confusion and mislead members of the trade and the public, causing injury to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

52. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's name, to Plaintiff's great and irreparable harm.

## COUNT IV

## Illinois Uniform Deceptive Trade Practices Act

53. Plaintiff realleges and incorporates by reference as if set forth fully herein the allegations in paragraphs 1 through 35.

54. Defendants have passed off their respective services as those of Plaintiffs, by using confusingly similar names and marks in connection with their respective trucking services.

55. Defendants have caused and continue to cause a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendants' goods, by using confusingly similar names and marks in connection with their respective trucking services.

56. Defendants have caused and continue to cause likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by Plaintiff by using confusingly similar names and marks in connection with their respective trucking services.

57. Defendants conduct has caused and will continue to cause irreparable injuries to Plaintiff's goodwill and reputation, for which Plaintiff has no adequate remedy at law.

58. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the reputation and goodwill associated with Plaintiff's name, to Plaintiff's great and irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Illinois Transport, seeks judgment in its favor on each and every claim for relief set forth above and an award for relief including, but not limited to the following:

A. Permanently enjoining Defendants and their employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, joint ventures, distributors, dealers, licensees, and all persons in active concert or participation with any of them:

   1. From using the name Illinois Transport, Inc., IL Transportation, Inc., IL Transportation Services, Inc., and/or any variation or imitation thereof that is likely to cause confusion with Plaintiff's name Illinois Transport, Inc.

   2. From selling any services using the name Illinois Transport, Inc., IL Transportation, Inc., IL Transportation Services, Inc., and/or any variation or imitation thereof that is likely to cause confusion with Plaintiff's name Illinois Transport, Inc.

   3. From representing by any means whatsoever, directly or indirectly, that Defendant, any services offered by Defendant, or any activities undertaken by Defendant, are sponsored or licensed by Plaintiff or otherwise associated in any way with Plaintiff.

   4. From passing off any of its services as originating with, associated with, or sponsored by Plaintiff.

B. An Order directing Defendants to remove from all trucks and other vehicles in their possession, custody or control, the name Illinois Transport, Inc., IL Transportation, Inc., IL Transportation Services, Inc., and/or any variation or imitation thereof that is likely to cause confusion with Plaintiff's name Illinois Transport, Inc.

C. An Order directing Defendant to remove from all websites that it owns or controls, directly or indirectly, including any online directories or advertisements, and hard copy advertisements, the name IL Transportation, IL Transportation Services, and/or any variation thereof that are likely to cause confusion with Plaintiff's tradename.

D. An Order requiring Defendant to pay to Plaintiff punitive damages in amount as yet undetermined by the foregoing acts of Defendant.

E. An Order requiring Defendant to pay to Plaintiff the costs and reasonable attorneys' fees incurred by Plaintiff in this action pursuant to 15 U.S.C. § 1117, 815 ILCS § 510/3 and other applicable statutes and laws.

F. An Order that Plaintiff have and recover pre-judgment and post-judgment interest on each and every award.

G. Plaintiff be granted such other and further relief as the Court may deem just and proper.

Dated: November 1, 2019

Respectfully submitted,

ILLINOIS TRANSPORT, INC.

By:    /s/ *Donald A. Tarkington*
       One of Plaintiff's Attorneys

Donald A. Tarkington (ARDC 6186481)
Brittney N. Cato (ARDC 6323715)
NOVACK AND MACEY LLP
100 North Riverside Plaza
Chicago, IL  60606
Tel. 312-419-6900
*dtarkington@novackmacey.com*
*bcato@novackmacey.com*